STATE of Tennessee, Appellee,

v.

William Lee HENDERSON, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

July 16, 1982.

Permission to Appeal Denied by Supreme Court Oct. 4, 1982.

William M. Leech, Jr., Atty. Gen., Wayne E. Uhl, Asst. Atty. Gen., Ronald Miller, Asst. Dist. Atty. Gen., Nashville, for appellee.

Niles S. Nimmo, Nashville, for appellant.

## OPINION

O'BRIEN, Judge.

The appellant in this case was convicted on April 4, 1979 on two counts of robbery, of kidnapping and of criminal sexual conduct in the first degree. An appeal was perfected and the judgment of the trial court was affirmed by this Court on December 29, 1980. The Supreme Court of this State granted appellant's application for permission to appeal on March 16, 1981. This petition for writ of habeas corpus was filed in the Davidson County Circuit Court on May 29, 1981, while appellant's appeal was pending in the Supreme Court. On June 1, 1981 the trial judge, after considering the entire record, dismissed the petition without an evidentiary hearing because it did not state any ground upon which relief could be granted. This appeal is from that order of the trial court.

 A petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by the trial court in the exercise of its jurisdiction, and the writ cannot be used as a substitute for, or to serve the purpose of an appeal or writ of error. *Crain v. State,* 451 S.W.2d 695, 2 Tenn.Cr.App. 67 (1969). Nor does the writ lie to liberate a person imprisoned under a voidable judgment as opposed to one which is void. *State ex rel Conner v. Herbert,* 154 S.W. 957, 127 Tenn. 220 (1912), page 244.

■ On August 24, 1981 the Supreme Court ruled finally on appellant's appeal from his conviction trial. If he has a valid cause of action his remedy is to proceed under the provisions of the Post-Conviction Procedure Act. T.C.A. § 40–3801 et seq.

The judgment of the trial court is affirmed.

DUNCAN and TATUM, JJ., concur.