**STATE of Tennessee, Appellee,**

v.

**William G. ALLEN, and Stephen Parker, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 24, 1988.

Sumter L. Camp, Lionel R. Barrett, Jr., P.C., Nashville, for appellant/defendant.

W.J. Michael Cody, Atty. Gen. and Reporter, Miriam Nabors Banks, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Nashville, for state of Tenn.

OPINION

WADE, Judge.

The defendants, William G. Allen and Stephen Parker, are presently charged with first degree murder for the death of Thomas Johnson, a Nashville police officer.[1]

---

1. These cases have been consolidated on this appeal with defendant Parker relying on the brief previously submitted on behalf of Allen.

The trial court denied a motion to dismiss under 12(b)(1) of the Rules of Criminal Procedure. Each appeals by permission pursuant to Rule 9, T.R.A.P. In an order entered April 20, 1987, this court granted the defendants' appeal on the claim of double jeopardy only.

The judgment of the trial court is affirmed.

On March 22, 1968, the defendants were charged with the first degree murders of Charles Wayne Thomasson and Thomas E. Johnson, two Nashville police officers. Both victims were shot in one incident on January 16, 1968.

The cases were originally set for trial on November 19, 1968. For reasons not apparent from the record, the defendants were only tried for the murder of Thomasson. Each was found guilty and sentenced to 99 years imprisonment. The Johnson case was continued over the course of several years while the Thomasson case was on appeal. There was further delay incident to Allen's escape from prison although he has been returned to custody.

The defendants are now charged, by *supersedeas* indictment, with the 1968 murder of Officer Johnson. The certified question before this court is whether the double jeopardy clauses of the state and federal constitutions [2] will be violated because of the previous trial and conviction for a murder arising out of the same incident.

■ The defendants claim that the constitutional safeguards bar the current prosecution because the two murders occurred as part of one criminal episode. The argument is based on the concurring opinion of Justice Brennan in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970):

> In my view, the double jeopardy clause requires the prosecution, except in most limited circumstances, to join at one trial all of the charges against a defendant

that grow out of a single criminal act, occurrence, episode or transaction.

*Id.* 397 U.S. at 454–455, 90 S.Ct. at 1199.

The Tennessee Supreme Court has previously rejected this "same transaction" test. *State v. Black,* 524 S.W.2d 913 (Tenn.1975). The trial court correctly ruled that the prior conviction in the companion case does not bar a subsequent prosecution.

In *Brown v. Ohio,* the Court held that double jeopardy protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction and multiple punishments for the same offenses. 431 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).

The separate prosecutions in this case do not fall within any of these categories. The two crimes charged were not for the "same offense" in that the indictments charged the defendants with the murder of different individuals.

As a part of this issue, defendant argues that the second prosecution should be barred by the principle of collateral estoppel. This principle embodies the idea "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194 (1970).

■ Although defendant correctly contends that collateral estoppel applies to cases that arise from the same incident or episodes, the doctrine only applies when the area of contention has been resolved in favor of the defendant. *Brown,* 432 U.S. at 166, 97 S.Ct. at 2225.

■ The language of *U.S. v. Smith,* is equally applicable to the case before this court:

> [I]f the government were to try to prove the same factual issue in two trials, an adverse decision in the first trial would prevent relitigation of that same issue if it was critical to the first prosecution....

**2.** Article I, § 10 of the Constitution of Tennessee and Amendment 5 to the Constitution of the

United States.

Since the ... jury did not determine any issues adverse to the government, collateral estoppel does not apply. (citations omitted.)

757 F.2d 1161, 1165 n. 2 (11th Cir.1985). *Also see, Flittie v. Solem,* 775 F.2d 933 (8th Cir.1985).

The defendant asserts that collateral estoppel may apply where a conviction occurred in the first trial and the prosecution seeks a second conviction in a subsequent proceeding.

The holdings of *Garcia v. State,* 718 S.W.2d 785 (Tex.App.1986) and *Green v. Estelle,* 601 F.2d 877 (5th Cir.1979), cited by defendant, do not support this contention. In both cases, the defendants were convicted of a lesser included offense at the first trial. This prevented relitigation of issues that were determined adversely to the prosecution by the acquittal on the greater offenses. For example, the defendant in *Garcia* was charged with the capital murder of one officer and the attempted capital murder of another. The first trial resulted in a conviction of voluntary manslaughter. The verdict precluded a relitigation on the previous issues that were determined adversely to the prosecution. Because there was no previous acquittal or adverse determination to the state in this instance, the doctrine of collateral estoppel does not apply.

This claim is without merit.

The defendant also complains that he was denied his right to due process by the separate prosecutions. This question is not properly before this court in this interlocutory appeal and as such, will not be considered.

The judgment of the trial court is affirmed.

BYERS and REID, JJ., concur.