**William G. ALLEN, Plaintiff/Appellant,**

**v.**

**Christine BRADLEY, Commissioner and Tennessee Department of Correction, Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 19, 1995.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 28, 1995.

See also, 3 Tenn.Cr.App. 337, 461 S.W.2d 53.

William G. Allen, pro se.

Charles W. Burson, Attorney General and Reporter Merrilyn Feirman, Assistant Attorney General, for appellees.

## *OPINION*

KOCH, Judge.

This appeal involves the calculation of an inmate's sentences and parole eligibility date for two first degree murder convictions. The inmate filed a petition for a declaratory order in the Chancery Court for Davidson County taking issue with the Department of Correction's calculation of his parole eligibility date. The trial court granted the department's motion for summary judgment and dismissed the petition. The inmate has perfected this appeal and asserts that he is entitled to be considered for parole after serving thirty

years. We disagree and, accordingly, affirm the judgment.

## I.

William Garrin Allen and four confederates shot and killed two Nashville police officers in January 1968. Mr. Allen was convicted of first degree murder for killing Officer Thomasson in February 1970 and received a 99–year sentence.[1] Under the law existing at the time, Mr. Allen would have been required to serve a single 30–year sentence in order to become eligible for parole.[2]

Mr. Allen escaped in May 1974 and remained at large until July 1986. Once Mr. Allen was back in custody, the State set about to try him for the murder of the second police officer. Mr. Allen attempted unsuccessfully to avoid being tried for the second murder by claiming double jeopardy.[3] Following a trial in April 1989, he was found guilty of first degree murder for killing Officer Johnson and received a 78–year sentence. The criminal court also determined that this sentence should be served consecutively with his sentence for the murder of Officer Thomasson.[4] He is now incarcerated in the Riverbend Maximum Security Institution.

Mr. Allen's original parole eligibility date for his 1970 conviction was December 20, 1999. Because of his escape, the department later changed his parole eligibility date for this offense to February 6, 2010. The department also determined that Mr. Allen's second sentence will require custodial parole and that the date of this parole will be determined by the Tennessee Board of Paroles.

Mr. Allen requested the department to recalculate his parole eligibility date arguing that he was entitled to be considered for parole after serving thirty years regardless

1. The Court of Criminal Appeals affirmed his conviction, *Canady v. State,* 3 Tenn.Crim.App. 337, 461 S.W.2d 53 (1970), and a post-conviction proceeding is currently pending. *See State v. Allen,* 854 S.W.2d 873 (Tenn.1993).

2. At the time of Mr. Allen's first conviction, Tenn. Code Ann. § 40–3613 provided that "any person who shall have been convicted and sentenced to a term of imprisonment in the state penitentiary for a period or term of fifty (50) years or more, may become eligible for parole provided such person shall have been confined or served a term in the state penitentiary of not less than thirty (30) full calendar years. The granting of such a

parole shall be within the discretion of the parole board."

3. The Court of Criminal Appeals found that trying Mr. Allen for the murder of the second officer would not be double jeopardy. *State v. Allen,* 752 S.W.2d 515 (Tenn.Crim.App.1987).

4. The Court of Criminal Appeals has affirmed Mr. Allen's second conviction. *Allen v. State,* App. No. 01–C–01–9006–CR–00151, 16 T.A.M. 41–29, 1991 WL 186854 (Tenn.Crim.App. Sept. 24, 1991), *perm. app. denied* (Tenn. Mar. 16, 1992).

of the number of offenses he had committed or whether the sentences were served consecutively. After the department declined to consider his petition, Mr. Allen filed a petition in the Chancery Court for Davidson County seeking a declaratory order in accordance with Tenn.Code Ann. § 4–5–223 (1991). The trial court dismissed the petition on the ground that it lacked subject matter jurisdiction, but this court reversed and remanded the case with directions to consider the petition on the merits.[5] The trial court filed a memorandum order on November 21, 1994 granting the department's motion for summary judgment and dismissing the petition. Mr. Allen then perfected this appeal.

## II.

Prior to 1978, the department calculated the parole eligibility date of inmates who had received multiple determinate sentences by treating their multiple sentences as a single sentence. Accordingly, inmates who received two sentences of fifty years each were deemed to have one 100–year sentence and, in accordance with Tenn.Code Ann. § 40–3613, were deemed to be eligible for parole consideration after serving thirty years. In 1978 the Tennessee Supreme Court determined that this practice eroded the significance of consecutive sentences and held first that Tenn.Code Ann. § 40–3613 did not apply to consecutive determinate sentences and second that there was "no statutory limitation on the number of years a convicted criminal may be required to serve under consecutive determinate sentences." *Howell v. State*, 569 S.W.2d 428, 431–32 (Tenn.1978).

The effect of the *Howell v. State* decision was to lengthen the sentences of persons who received multiple consecutive determinate sentences. In recognition of the potentially chaotic effect that applying its decision retroactively would have, the Court held that its decision would not affect parole eligibility dates that had already been established or cases that were already final in the trial court. *Howell v. State*, 569 S.W.2d at 435. The Court has since reaffirmed the prospectivity of its *Howell v. State* decision. *Slagle v. Reynolds*, 845 S.W.2d 167, 170 (Tenn. 1992).

Mr. Allen's argument in the trial court and before this court is that he is entitled to have his sentence calculated in accordance with the department's pre-*Howell* practice. He asserts that he should be considered for parole after serving thirty years because his first conviction occurred before July 1978 and because his second conviction resulted from the same criminal transaction that gave rise to his first conviction. We find that Mr. Allen has interpreted the *Howell* decision too broadly.

The only inmates who are entitled to the benefit of the department's mistaken application of Tenn.Code Ann. §§ 40–3612, –3613 are those whose parole eligibility dates and convictions were finally decided when the Court issued the *Howell* decision. The Court did not intend to perpetuate a mistaken interpretation of the statutes and envisioned that the department would calculate the parole eligibility dates for convictions in a manner consistent with the *Howell* decision. Since Mr. Allen's second conviction occurred approximately eleven years after the *Howell* decision, he has no legal grounds to require the department to calculate his parole eligibility date in any manner other than what Tenn.Code Ann. § 40–3612, as interpreted by the *Howell* decision, requires. Accordingly, while he will be eligible to be considered for parole after serving thirty years of his first sentence, he will only be entitled to institutional parole and will be required to serve thirty years of his second sentence before being eligible for parole consideration that could result in his release from confinement.

## III.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to the State of Tennessee.

TODD, P.J., M.S., and LEWIS, J., concur.

---

**5.** *Allen v. Tennessee Dept. of Correction,* App. No. 01–A–01–9309–CH–00431, 19 T.A.M. 20–21, 1994 WL 151104 (Tenn.Ct.App. Apr. 20, 1994) (No Tenn.R.App.P. 11 application filed).