# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**April 24, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| BOBBY TEASTER, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Davidson Chancery |
| | ) | No. 95-3774-II |
| VS. | ) | |
| | ) | Appeal No. |
| TENNESSEE DEPARTMENT | ) | 01A01-9608-CH-00358 |
| OF CORRECTION, ET AL., | ) | |
| | ) | |
| Defendants/Appellees. | ) | |


APPEAL FROM THE CHANCERY COURT
FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE


THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR


For Plaintiff/Appellant:

Bobby Teaster, Pro Se

For Defendants/Appellees:

John Knox Walkup
Attorney General and Reporter

Patricia C. Kussmann
Assistant Attorney General


## VACATED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# OPINION

This appeal involves a disagreement between a prisoner and the Department of Correction concerning the calculation of his sentence. The prisoner filed a petition for a declaratory judgment in the Chancery Court for Davidson County asserting that the Department had failed to credit him with 765 days of street time while he was on probation. The trial court converted the Department's Tenn. R. Civ. P. 12.02(6) motion to dismiss to a motion for summary judgment and then dismissed the petition. On this appeal, the prisoner asserts that he should have been notified of the conversion of the Department's motion and should have been given an opportunity to respond with appropriate evidentiary materials. We agree and accordingly vacate the summary judgment.

## I.

Bobby Teaster is an inmate in the Morgan County Regional Correctional Facility in Wartburg, Tennessee. In April 1992, he was convicted of several drug offenses by a Sevier County jury and received three concurrent sentences amounting to 14 years in prison. Mr. Teaster was admitted to the Department of Correction's "boot camp" and was released on parole in November 9, 1992 after successfully completing the program. He remained on parole until December 14, 1994 – a total of 765 days. He returned to prison following his convictions for D.U.I., evading arrest, bribery of a witness, and subornation of perjury.[1]

Upon Mr. Teaster's return to custody, the Department refused to give him credit for the 765 days he spent on probation. In August 1995, Mr. Teaster sought a declaratory ruling from the Department, asserting that he was entitled to receive credit for the 765 days of probation time. The Department declined to render a declaratory ruling on November 10, 1995, and on December 4, 1995, Mr. Teaster filed a pro se petition for declaratory judgment in the Chancery Court for Davidson

---

[1]*See State v. Teaster*, No. 03C01-9611-CC-00405, 1997 WL 593832, at *4 (Tenn. Crim. App. Sept. 26, 1997) (Tenn. R. App. P. 11 application filed Nov. 26, 1997); *State v. Teaster*, No. 03C01-9602-CC-00070, 1997 WL 65725, at *1-2 (Tenn. Crim. App. Feb. 18, 1997) (No Tenn. R. App. P. 11 application filed).

County. His petition alleged that the Department had incorrectly calculated his sentence and requested the court to order the Department to grant him credit for his 765 days of probation time. In his own words, Mr. Teaster alleged that the trial court "[a]t no time did . . . ever take this street time from me." He alleged that by adding the probation days back into the time he must remain incarcerated, the Department incorrectly extended his sentence expiration date and impermissibly altered the judgment of the trial court that revoked his probation.

The Department moved to dismiss Mr. Teaster's petition on two grounds: that Mr. Teaster had not met the jurisdictional prerequisite of seeking a declaratory order from the Department prior to filing suit and that the complaint failed to state a cause of action for which relief could be granted. The Department also submitted an affidavit of its manager of Sentence Information Services stating that Mr. Teaster's sentence following his return to custody has been calculated correctly. The affidavit explained that Mr. Teaster's "sentence was recalculated to reflect time not served while being out on the street. Thus, when the 765 days was [*sic*] added back to the sentence as time unserve[d,] the expiration date of the sentence was extended."

Mr. Teaster responded to the Department's motion on February 22, 1996. He insisted that he had satisfied the jurisdictional prerequisite of obtaining an order from the Department, and he attached to his response a copy of the Department's November 10, 1995 letter denying him declaratory relief. He also stated that "in the instant case the trial judge did not see fit to begin Petitioner's sentence over" and alleged that the Department had "taken it upon themselves to begin Petitioner's sentence from the time [probation] was revoked and failed to look at any judgment papers to see what the trial court ordered."

On April 17, 1996, the trial court filed a memorandum and order stating that it had considered the affidavit of the Department's Manager of Sentence Information Services, and therefore, that it was treating the Department's motion to dismiss as a motion for summary judgment. The trial court then concluded that the Department was entitled to judgment as a matter of law on the sole ground that prisoners are not entitled to a credit against the length of their sentences for time spent on probation. With that ruling the trial court dismissed Mr. Teaster's petition.

## II.

Mr. Teaster's procedural challenge to the trial court's treatment of his petition is dispositive of this appeal. He asserts that the trial court should have notified him that it intended to convert the Department's motion to dismiss to a motion for summary judgment thereby giving him an opportunity to respond to the motions with appropriate evidentiary materials to rebut the substance of the Department's affidavit. Under the facts of this case, we agree.

Even since *Slagle v. Reynolds*, 845 S.W.2d 167 (Tenn. 1992) was decided, this court has received a steady stream of appeals from prisoners seeking judicial review of the calculation of their sentences . That stream has become a torrent, and these appeals now make up the lion's share of the cases submitted to us on briefs without oral argument. While "[p]risoners are not a favored group in society; [and] the propensity of some of them to sue at the drop of a hat is well known," *Crawford v. Indiana Dept' of Correction*, 115 F.3d 481, 486 (7th Cir. 1997), prisoners bringing actions challenging the calculation of their sentences are invoking their fundamentally imprescriptible right to liberty. It is our duty to see to it that these claims receive fair consideration. That sense of duty drives our decision in this case.

Tenn. R. Civ. P. 7.02 requires that motions be made in writing and state their grounds with particularity. The Department's motion to dismiss rested specifically on two grounds: that Mr. Teaster had not met the jurisdictional requirement of first seeking a declaratory order from the Department concerning the calculation of his sentence, *see* Tenn. Code Ann. § 4-5-225(b) (Supp. 1997), and alternatively that the petition failed to state any grounds for relief. While we understand why the Department interposed the first ground, its alternative ground was meritless in the context of Mr. Teaster's petition.

A motion to dismiss for failure to state a claim admits the truth of all the relevant and material averments of a complaint, but asserts that such facts are not legally actionable. *See Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994); *Fletcher v. Bd. of Prof. Responsibility*, 915 S.W.2d 448, 450 (Tenn. Ct. App. 1995). Mr. Teaster's petition with its incorporated exhibits alleges in readily

understandable language that the Department illegally extended the length of his sentence. Beyond question, a prisoner may seek judicial relief when the Department of Correction miscalculates his or her sentence. *See*, *e.g.*, *Slagle v. Reynolds*, 845 S.W.2d at 170-71; *Allen v. Bradley*, 905 S.W.2d 192, 194 (Tenn. Ct. App. 1995). Mr. Teaster's petition facially states a claim for which courts can grant relief if Mr. Teaster carries his burden of proof.

Obviously the real thrust of the Department's motion to dismiss aimed at Mr. Teaster's alleged failure to comply with Tenn. Code Ann. § 4-5-225(b)'s exhaustion requirement. Mr. Teaster's response, exhibiting a copy of the Department's pre-lawsuit letter denying him a declaratory order, overcame the Department's only possible Rule 12 grounds for dismissal.

Once it became clear that the Department was not entitled to have Mr. Teaster's petition dismissed under Tenn. R. Civ. P. 12, the trial court could have disregarded the affidavit of the manager of Sentence Information Services and could have denied the Department's motion to dismiss on the motion's stated grounds. *See Pacific E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 952 (Tenn. Ct. App. 1995) (stating that a court may prevent a Tenn. R. Civ. P. 12.02[6] motion from becoming one for summary judgment by declining to consider extraneous matters). Instead, the trial court exercised its discretion to consider the Department's affidavit, thereby converting the Department's motion to a motion for summary judgment. *See* Tenn. R. Civ. P. 12.02; *Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn. 1973); *Pacific E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d at 952. Once that conversion occurred, the court's consideration of the motion had to comply with all the procedural requirements of Tenn. R. Civ. P. 56, and, in the words of Tenn. R. Civ. P. 12.02, "all parties [had to] be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Because of the significant differences between the consideration of motions to dismiss and motions for summary judgment, it is important for trial courts to give the parties notice of the changed status of the motion and a reasonable opportunity to present all pertinent Tenn. R. Civ. P. 56 materials. *See* 2A James W. Moore, *Moore's Federal Practice* ¶ 12.09[3] (2d ed. 1995); 5A Wright & Miller, *Federal Practice and*

*Procedure*, § 1366, at 501 (2d ed. 1990). Formal notice of the trial court's decision either to consider or to exclude extraneous factual matters eliminates the possibility of confusion and misunderstanding concerning the posture of the proceedings.

As the federal courts have pointed out from experience, adequate notice of conversion of a motion to dismiss to one for summary judgment is particularly important in pro se litigant cases. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Garaux v. Pulley*, 739 F.2d 437, 439-40 (9th Cir. 1984). As to prisoners litigating claims pro se, "their vulnerability to misunderstanding of what is required of them makes the provision of notice particularly important." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 559 (7th Cir. 1996).

A trial court's failure to give formal notice of conversion ordinarily will not constitute reversible error unless the non-moving party was prejudiced by lack of notice. *See Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348, 1351 (6th Cir. 1989); 2A Moore, *supra*, at ¶ 12.09[3]; 5A Wright & Miller, *supra*, § 1366, at 506. However, where courts have reason, based on allegations in the record, to believe that a non-movant with proper notice could have established a genuine, material factual dispute, reversible error exists. *See Sellers v. Henman*, 41 F.3d 1100, 1101-02 (7th Cir. 1994).

In this case, the trial court's consideration of the Department's affidavit and accompanying legal argument went to the factual and legal merits of Mr. Teaster's petition. The Department correctly contended before both the trial court and this court that persons convicted of crimes are not entitled to credit against their sentences for time spent on probation. The time a convicted person spends on probation, commonly called "street time," is not time spent serving a prison sentence, and once a court revokes any probation, that "street time" does not operate to reduce the originally imposed sentence. *See State v. Hunter*, No. 01C01-9608-CC-00334, 1997 WL 672650, at *4 (Tenn. Crim. App. Oct. 30, 1997) (Tenn. R. App. P. 11 application filed Dec. 30, 1997); *State v. Austin*, No. 01C01-9512-CC-00431, 1996 WL 594092, at *1 (Tenn. Crim. App. Oct. 17, 1996) (No Tenn. R. App. P. 11 application filed); *Young v. State*, 539 S.W.2d 850, 854-55 (Tenn. Crim. App. 1976).

Mr. Teaster contends, however, that when the trial court revoked his probation, the trial court *did* credit him with the 765 days of street time. If, indeed, the trial court that revoked his probation credited Mr. Teaster with those days against his sentence, then the Department could not unilaterally "correct" that mistake by adding the days back to his sentence once he returned to the Department's custody. The Department may not alter the judgment of a court, even if that judgment is incorrect or illegal. *See State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978); *State v. Jones*, No. 02C01-9406-CC-00134, 1995 WL 126625, at *1 (Tenn. Crim. App. Mar. 22, 1995) (No Tenn. R. App. P. 11 application filed).[2]

We find it reasonable to believe that had Mr. Teaster known that the chancery court was going to consider the Department's affidavit and determine his case on the merits, he might have supported his allegations by submitting a copy of the judgment revoking his probation. We find that the conversion of the Department's motion without notice impermissibly prejudiced Mr. Teaster in the presentation of his case and was thus reversible error. Therefore, we vacate the summary judgment and remand this case for further proceedings.

On remand, the Department may, of course, move for summary judgment. However, if it does so, it must go beyond making a "conclusory assertion that [Mr. Teaster] has no evidence" to support his characterization of the judgment that revoked his probation. *See Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). If the Department on remand makes a properly-supported summary judgment motion, Mr. Teaster will not be able to rely merely on the allegations in his pleadings. He will need to provide the court with evidence showing the existence of a genuine issue for trial or making a judgment as a matter of law for the Department improper. Any materials Mr. Teaster may submit must set forth facts admissible at trial, although his

---

[2]What we say in this opinion does not mean that if the court that revoked the prisoner's probation wrongly credited Mr. Teaster with that probation time, Mr. Teaster ultimately gets to capitalize on that mistake. It is well-settled that a judgment imposed by a trial court in contravention of statutory law regarding sentencing is illegal and may be set aside at any time, even if it has become final. *State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987); *State v. Burkhart*, 566 S.W.2d at 873; 11 David L. Raybin, *Tennessee Practice: Criminal Practice and Procedure* § 33.15 (1985). Tenn. Code Ann. §§ 40-35-310, - 311(d) (1997) provide that a trial court may revoke probation and suspension of sentence and in such cases the original judgment shall be in full force and effect from the date of revocation. The correction of an errant sentencing judgment, if any, must be addressed properly and in the proper forum.

submitted materials need not be in the format required to make those materials admissible at trial. *See Byrd v. Hall*, 847 S.W.2d at 215-16. Mr. Teaster's status as a pro se litigant will not excuse him from presenting the evidence required to carry a non-movant's summary judgment burden. *See Cole v. State*, 798 S.W.2d 261, 264 (Tenn. Crim. App. 1990).

## III.

We vacate the summary judgment dismissing Mr. Teaster's petition and remand the case to the trial court for further proceedings consistent with this opinion. We also tax the costs of this appeal to the Department of Correction.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE