# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY 1998 SESSION

FILED

August 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk


| | | |
|---|---|---|
| **HILTON G. JEFFERIES,** | ) | No. 03C01-9708-CC-00345 |
| Appellant, | ) | |
| | ) | Bledsoe County |
| vs. | ) | |
| | ) | Honorable Thomas W. Graham |
| | ) | Judge |
| **JAMES A. BOWLEN, WARDEN** | ) | |
| **AND STATE OF TENNESSEE,** | ) | (Habeas Corpus) |
| | ) | |
| Appellee. | ) | |


FOR THE APPELLANT:                    FOR THE APPELLEE:

PRO SE                                JOHN KNOX WALKUP
                                      Attorney General & Reporter

                                      MICHAEL J. FAHEY, II
                                      Assistant Attorney General
                                      Cordell Hull Bldg., Second Floor
                                      425 Fifth Avenue, North
                                      Nashville, TN 37243-0490

                                      JAMES MICHAEL TAYLOR
                                      District Attorney General

                                      JAMES W. POPE, III
                                      Assistant District Attorney
                                      265 Third Avenue, Suite 300
                                      Dayton, TN 37321


OPINION FILED:_____



AFFIRMED



WILLIAM B. ACREE, JR.
SPECIAL JUDGE

OPINION

The appellant, Hilton Glen Jefferies, appeals as of right the trial court's dismissal of his petition for writ of habeas corpus. We affirm the trial court.

The appellant was convicted of Aggravated Rape in 1987 and received a sentence of 40 years. His conviction was affirmed by the Court of the Criminal Appeals in 1989. The only issue raised by the appellant in his direct appeal was that the sentence was excessive. See State v. Jefferies, (Tenn.Crim.App. 1989, LEXIS 38).

The appellant later filed a petition for post conviction relief claiming ineffective counsel. The trial court dismissed the petition, and the dismissal was affirmed by the Court of Criminal Appeals. See Jefferies v. State, (No. 01C01-9502-CC-00044, Tenn.Crim.App., filed July 6, 1995, at Nashville).

In the present petition, the appellant raises several issues. He complains of (1) an improper sentence; (2) trial irregularities; (3) ineffective assistance of counsel; and (4) errors in the indictment

As a general rule, the remedy of habeas corpus is limited to cases where the judgment is void or the term of imprisonment has expired. Passarella v. State, 891 S.W.2d 619, 626 (Tenn.Crim.App. 1994). The appellant does not claim in his petition that the judgment is void or that the term of imprisonment has expired. Therefore, the dismissal was proper. In addition, there are other reasons why the dismissal of the petition should be affirmed.

The first issue presented for review is that the appellant's sentence was improper and excessive. The appellant contends that his classification as a multiple offender was incorrect. This issue was decided adversely to the appellant on direct appeal. A habeas corpus proceeding may not be employed to raise and relitigate issues decided and disposed of in a direct appeal. Long v. State, 510 S.W.2d 83, 87 (S.Ct. 1974). Furthermore, there is no appellate review of a sentence in a habeas corpus proceeding. Lowe v. State, (No. 02-C-01-9309-CR-00198 Tenn.Crim.App., filed October 19, 1994, at Jackson).

Appellant's second issue concerns trial irregularities. He contends (1) he and the victim were coached at trial and acted under duress; (2) a juror should have been disqualified; and (3) the trial judge was guilty of misconduct. A

petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by the trial judge in the exercise of its jurisdiction, and it cannot be used as a substitute for an appeal. State v. Henderson, 640 S.W.2d 56, 57 (Tenn.Crim.App. 1982). These issues should have been raised on direct appeal and may not be raised by habeas corpus.

In the third issue, he contends that his trial counsel was ineffective. Specifically, appellant states that his counsel (1) failed to present a video tape of the victim recanting her testimony and (2) he instructed the appellant to lie at perpetrator meetings and advised him to repeat this information while at trial. A claim of ineffective counsel may not be litigated in a habeas corpus proceeding. Passarella, 891 S.W.2d, at 628. In addition, this issue was raised by the appellant in his petition for post-conviction relief and was decided adversely to him. It may not be relitigated again.

In the final issue, the appellant complains of errors in the indictment. He contends his name was misspelled in the indictment, the indictment was inconsistent in that rape was listed as the charge on one page and aggravated rape on the other, and that the indictment did not allege a culpable mental state. The indictment is not in the record, and, therefore, we can not determine whether the appellant's factual assertions are correct. However, even if they are, this issue is without merit. The misspelling of the appellant's name or a typographical error in the indictment will not render the indictment void. Furthermore, defenses or objections based on defects in the indictment must be raised by motion prior to trial. Rule 12 (b)(2) TRCrP. The contention that the indictment did not allege a culpable mental state is based upon this Court's decision in State v. Roger Dale Hill, (No. O1C01-9508-CC-00267 (Tenn.Crim.App.), filed June 20, 1996, at Nashville). This decision was reversed by the Supreme Court in State v. Hill, 954 S.W.2d 725 (Tenn.1997).

For these reasons, the trial court's dismissal of the petitions for writ of habeas corpus is affirmed.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE


CONCUR:

_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE