# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### FEBRUARY SESSION, 1999

FILED

March 17, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 01C01-9805-CR-00232 |
| Appellee | ) | |
| | ) | SUMNER COUNTY |
| vs. | ) | |
| | ) | Hon. Jane Wheatcraft, Judge |
| FREDERICK NEBLETT, | ) | |
| | ) | (Community Corrections |
| Appellant | ) | Revocation) |

For the Appellant:

**Regan L. Rudland**
Asst. Public Defender
117 East Main Street
Gallatin, TN  37066

**David Allen Doyle**
District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Clinton J. Morgan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Lawrence Ray Whitley**
District Attorney General

**Dee Gay**
Asst. District Attorney General
Cordell Hull Building
Gallatin, TN  37066

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Frederick Neblett, appeals the judgment of the Sumner County Criminal Court revoking his Community Correction sentence and reinstating the original sentence of four years in the Department of Correction.[1]   Specifically, the appellant contends that the trial court improperly relied upon "unreliable hearsay," an uncertified facsimile transmission of an arrest warrant,  as the sole basis for revoking the appellant from his non-incarcerative status.

After a review of the record, we affirm the judgment of the trial court.

**Background**

On March 12, 1998, a warrant issued alleging that the appellant had violated the terms and conditions of his Community Correction sentence.  Specifically, the warrant alleged that the appellant had violated Rule #6 which states:

> the offender shall obey the laws of the United States and the State of Tennessee as well as any municipal ordinances.  Report all arrests, including traffic citations regardless of disposition to the case officer; In that Mr. Neblett was arrested in Nashville, Tennessee for Possession of Cocaine N458697, Possession of paraphernalia N458698, Driving on a suspended license N458699.

A revocation hearing was held on April 21, 1998, at which time the State presented the testimony of Carlton Drumwright, the appellant's Community Correction case officer.  Mr. Drumwright stated that, on February 27, the appellant was arrested in Davidson County.  On March 2, the appellant contacted him to inform him that he had "accepted a plea bargain and that he would be receiving 16

---

[1]The appellant's placement in the Community Correction program stems from his October 16, 1997, guilty plea to the offense of theft of property over $1,000, resulting in a four year sentence in Community Correction after service of one hundred and seven days in the Sumner County Jail.

2

days in jail." The State then introduced, through the testimony of Mr. Drumwright, a facsimile transmission of the Davidson County warrant charging the appellant with possession of cocaine to which the appellant pled guilty. Defense counsel objected to the introduction of the warrant on the basis that the warrant was an uncertified facsimile copy. Mr. Drumwright then explained that the Davidson County Clerk's Office had "faxed" the warrants to Judge Wheatcraft's facsimile machine. The trial court authenticated the facsimile copies by verifying the appellant's social security number and birthdate and admitted the facsimile of the arrest warrant into evidence. In so ruling, the trial court stated "I'm going to allow that, but, really, they should be certified copies. We should not get in the habit of using fax copies." The State then offered to obtain certified copies of the arrest warrants which the court declined. No further proof was presented.

The trial court found that the evidence presented showed "by a preponderance of the evidence that the appellant has received these convictions." Continuing, the court stated:

> He didn't last on probation even 30 days. This Court just can't tolerate people being placed on community corrections or probation and blatantly going out and picking up new charges.
>
> I'm going to revoke the defendant's probation and allow the four year sentence to go into effect.

**Analysis**

Again, the appellant contends that the trial court abused its discretion by basing its decision to revoke the appellant's Community Correction sentence solely on the basis of unauthenticated and uncertified facsimile documents. Thus, the question before this court is whether the facsimile copy of the Davidson County arrest warrant was properly admitted by the trial court.

Before any real and demonstrative evidence is admissible, the evidence must be properly authenticated, *i.e.*, it must be shown to be genuine. <u>See</u> Tenn. R. Evid. 901. In other words, the proponent of its admission bears the burden of demonstrating that the object is what it is claimed to be. Without such a showing that the object is what it is claimed to be, the object is simply irrelevant as there must be a logical nexus between the evidence and the point on which it is offered. The proponent's burden is satisfied when the trier of fact has sufficient proof to determine that the evidence is what its proponent claims. <u>See</u> Tenn. R. Evid. 901. <u>See also</u> <u>State v. Byrd</u>, No. 01C01-9609-CC-00411 (Tenn. Crim. App. at Nashville, May 1, 1998).

While a properly certified copy of a public record is self-authenticating under Tenn. R. Evid. 902(4),[2] an uncertified public record may be authenticated if certain conditions are satisfied.[3] <u>See</u> Tenn. R. Evid. 901(b)(7).

> First, the writing must be recorded or filed in a public office. Second, the recording or filing of the writing must be authorized by law. Third, it must be demonstrated to the court's satisfaction that the proffered writing is in fact 'from the public office where items of this nature are kept.'

NEIL P. COHEN ET AL., TENNESSEE LAW OF EVIDENCE § 901.8 (3D ed. 1995). However, testimony must be presented by an individual with personal knowledge that the particular writing or record meets the requirements of the Rule. In the present case, we cannot conclude that a Community Correction case officer has

---

[2]When a document is said to be self-authenticating it does not necessarily mean that it is irrebuttably presumed to be genuine. Self-authentication merely means that the proponent does not have to produce extrinsic evidence of authenticity.

Had the Davidson County warrant been certified in the present case, there would be no question as to the facsimile's admission. Indeed, the certified copy would be an original for purposes of the rules governing the admissibility of documents, the facsimile would constitute a duplicate, and there is no indication that it would be unfair to admit the duplicate in lieu of the original. <u>See generally</u> Tenn. R. Evid. 902, 1001, 1003, 1005. <u>See also</u> <u>Englund v. State</u>, 907 S.W.2d 937, 938-939 (Tex. App. 1995), <u>aff'd by</u>, 946 S.W.2d 64 (Tex. App. 1997) (*en banc*).

[3]It is of little consequence whether the uncertified public record is the original or a facsimile transmission thereof, as a trustworthy duplicate will suffice. <u>See generally</u> Tenn. R. Evid. 1003.

sufficient personal knowledge to establish the necessary criteria under Tenn. R. Evid. 901 (b)(7).

Notwithstanding the inability of Mr. Drumwright to authenticate the facsimile transmission of a Davidson County arrest warrant, we note that, in Tennessee, as elsewhere, it is generally recognized that there is a wide distinction between a revocation proceeding and a trial where the questions of guilt or innocence are at issue. At a revocation hearing, the strict rules of evidence do not apply. See Byrd, No. 01C01-9609-CC-00411 (citing State v. Allen, 752 S.W.2d 515 (Tenn. Crim. App. 1988); Barker v. State, 483 S.W.2d 586 (Tenn. Crim. App. 1972)). Reliable hearsay is admissible so long as the defendant had a fair opportunity to rebut the evidence and the evidence otherwise was not introduced in violation of constitutional notions of due process. See Tenn. Code Ann. § 40-35-209(b) (1997); see also State v. Carney, 752 S.W.2d 513 (Tenn. Crim. App. 1988). See, e.g., State v. Whitehead, No. 86-220-III (Tenn. Crim. App. at Nashville, Mar. 17, 1987), perm. to appeal denied, (Tenn. Jun. 1, 1987) (arrest report admissible in determining probation revocation).

In the present case, the trial court was careful to assure that the hearsay document that was introduced was reliable. Before considering the testimony, the court questioned the witness to assure that the Davidson County arrest warrant was issued for the appellant by confirming the appellant's name, date of birth, and social security number. The facsimile transmission also contained a machine notation showing the date, time, source telephone number, and source location of the transmittal, i.e., "Metro Crim Court Clerk  Fax: 615-862-5676  Apr 21 '98 12:11," verifying that the transmission had indeed been sent by the Davidson County Clerk's Office. Additionally, the truth of the matter asserted in the transmission was corroborated by Mr. Drumwright's testimony that the appellant had reported his arrest and guilty plea on the misdemeanor possession charge to Mr. Drumwright.

5

Finally, we note that the appellant was provided ample opportunity to cross-examine Mr. Drumwright regarding the documents, and, otherwise had ample opportunity to refute the evidence.

Given the less stringent application of the evidentiary rules at revocation proceedings, we conclude that the evidence presented by the case officer was reliable hearsay and that good cause existed to allow its introduction. Accordingly, the trial court was justified in relying upon the facsimile transmission of the Davidson County arrest warrant; a sufficient basis upon which to allow the trial court to find that the appellant had violated a condition of his Community Correction sentence by a preponderance of the evidence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JAMES CURWOOD WITT, JR., Judge


_____
JOHN EVERETT WILLIAMS, Judge