IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 27, 2000

## JOHN E. CARTER v. HOWARD CARLTON

**Appeal from the Criminal Court for Johnson County**
**No. 3360     Robert E. Cupp, Judge**

**No. E2000-00406-CCA-R3-PC**
**February 22, 2001**

John E. Carter seeks the writ of *habeas corpus*. He claims that he is entitled to immediate release from his two 1981 convictions for the first degree murder of his grandparents. Carter alleges that he is being illegally restrained because he had inadequate notice of the charges against him, because the trial court excluded relevant evidence at his trial, and because the jury instructions given at his trial were flawed. We agree with the court below that these issues do not entitle Carter to issuance of the writ of *habeas corpus*. Accordingly, we affirm the lower court's dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

John E. Carter, *pro se*.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussman, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General, for the appellee, Howard Carlton.

## OPINION

John E. Carter appeals from the Johnson County Criminal Court's denial of his petition for the writ of *habeas corpus*. Carter is presently serving consecutive life sentences for his two convictions of first degree murder resulting from the killings of his grandparents in White County. See State v. John E. Carter, no number (Tenn. Crim. App., Nashville, Feb. 20, 1985). In his petition, he complains that he did not have proper notice of the charges against him, that the trial court erroneously excluded evidence at his trial, and that the jury instructions given at his trial were not an accurate statement of the law. Upon review, we hold that there is no deficiency of notice and that the remaining issues are not cognizable in *habeas corpus* proceedings. Accordingly, we affirm the lower court's dismissal of the petition.

*Habeas corpus* relief is very limited because it is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)); see State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In other words, except for cases of expired sentences, *habeas corpus* relief is granted only when a judgment is void. Ritchie, 20 S.W.3d at 630-31. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer, 851 S.W.2d at 161); see Ritchie, 20 S.W.3d at 630. Thus, the office of a *habeas corpus* petition, in contrast to a post-conviction petition, is to contest void, not merely voidable, judgments. Archer, 851 S.W.2d at 163-64. If a court rendering judgment has jurisdiction of the person and the subject matter, as well as the authority to make the challenged judgment, any such judgment is voidable rather than void, and therefore, *habeas corpus* relief will not lie. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We must first determine if the allegations made by the petitioner may be reviewed in a *habeas corpus* proceeding. The petitioner claims that the indictment failed to give him adequate notice of the charges and that the relevant criminal statute was unconstitutionally vague because the courts at the time did not properly distinguish between the elements of premeditation and deliberation. A claim relating to the deficiency of the charge, if true, would deprive the trial court of jurisdiction over the petitioner, and therefore, would be a proper issue for *habeas corpus* litigation. See Dykes, 978 S.W.2d at 529. Further, Carter's claim that the criminal statute was unconstitutionally vague, if correct, has the potential to render his convictions void, and therefore, the issue is properly raised in a *habeas corpus* proceeding. See Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, slip op. at 12 (Tenn. Crim. App., Knoxville, June 24, 1999); see also State v. Dixon, 530 S.W.2d 73, 74-75 (Tenn. 1975) (an unconstitutional statute is void from the date of its enactment and cannot form the basis for a valid conviction, although prior version of statute may save conviction from voidness). Thus, the sufficiency-of-notice issue may be a proper one for *habeas corpus* relief.

However, the remaining issues are not cognizable in a *habeas corpus* proceeding. Neither erroneous evidentiary rulings nor defective jury instructions affect the jurisdiction or authority of the trial court to pronounce judgment. Therefore, these issues were not properly before the lower court and are not properly before this appellate court. See State v. Henderson, 640 S.W.2d 56, 57 (Tenn. Crim. App. 1982) (*habeas corpus* proceeding not proper action in which "to review or correct errors of law or fact committed by the trial court in the exercise of its jurisdiction").

Thus, we return to the sufficiency-of-notice issue. The indictments charged as follows

> Therefore, on or about the 27th day of June, 1981, in the County and State aforesaid [the defendant] did unlawfully, feloniously, willfully, deliberately, premeditatedly,

and maliciously make an assault upon the body of one [victim] and then and there did unlawfully, feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought kill and murder the said [victim] in violation of Section 39-2402 TCA, and against the peace and dignity of the State of Tennessee.

In a tortured argument, Carter alleges that the indictment and proscriptive statute failed to give him sufficient notice because the appellate courts at the time did not distinguish between the elements of premeditation and deliberation as required under the then-existing first degree murder statute. See Tenn. Code Ann. § 39-2402 (Supp. 1981) (recodified at § 39-2-202) (repealed 1989). Therefore, Carter reasons, he could not know the nature and cause of the accusation against him.

In order to analyze this abstruse argument, we begin with the adequacy of the indictment itself. The state and federal constitutions require that an accused be informed of the nature and cause of the accusation against him. See U.S. Const. amend. VI, XIV; Tenn. Const. art. I, § 9; State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). "Generally stated, an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." Hill, 954 S.W.2d at 727 (citations omitted); see Dykes, 978 S.W.2d at 530 (applying Hill analysis to pre-1989 crime). At the time of the petitioner's crime, the Code required

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as "force and arms" or "contrary to the form of the statute" necessary.

Tenn. Code Ann. § 40-1802 (1975) (repealed 1989).

In the case at bar, the language of the indictment sufficiently charges the offense of first degree murder as it existed at the time. The language, which both identifies the elements of the crimes charged and references the pertinent statute, is sufficient to notify a reasonable person of the crimes with which he is charged, to allow the court upon conviction to pronounce the proper judgment, and to protect the person charged from twice being placed in jeopardy for the same offense. See Hill, 954 S.W.2d at 727. Thus, there is no deficiency in the language of the indictment itself.

As a further component of the overall lack-of-notice claim, Carter alleges that former Code section 39-2402, upon which his convictions were premised, was unconstitutionally vague because it failed to delineate the distinction between the elements of premeditation and deliberation. The former statute reads in pertinent part, "Every murder perpetrated by means of poison, lying in wait, or by any other kind of willful, *deliberate,* malicious, and *premeditated* killing . . . is murder

in the first degree." Tenn. Code Ann. § 39-2402(a) (Supp. 1981) (recodified at § 39-2-202) (repealed 1989) (emphasis added). The statute clearly requires premeditation and deliberation as elements of the crime. We see no vagueness or ambiguity in the statute simply because it does not define the challenged terms, and the petitioner has cited no authority which would require such. Indeed, it is common for a criminal statute to contain terms which are defined elsewhere, whether in the Code or by caselaw. See, e.g., Tenn. Code Ann. § 39-11-106 (defining terms used in the Criminal Code, some of which are elements of crimes); State v. Tony Fitz, 19 S.W.3d 213 (Tenn. 2000) (defining "violence" for purposes of Code section 39-13-401, robbery statute).

This leads us to the third component of Carter's notice issue, that the caselaw lacked clear definitions of premeditation and deliberation. It is true, as the petitioner alleges, that historically the caselaw has not been uniform in its treatment of the definitions of premeditation and deliberation. See, e.g., State v. Brown, 836 S.W.2d 530, 540-43 (Tenn. 1992) (discussing various approaches to analysis of premeditation and deliberation). Although the supreme court has since addressed the ambiguity by clarifying the distinction between the two elements, see generally id. at 543, we have held time and again that the former ambiguity failed to rise to the level of depriving defendants of their constitutional rights. See, e.g., Lofton v. State, 898 S.W.2d 246, 249-50 (Tenn. Crim. App. 1994); State v. Ray, 880 S.W.2d 700, 707 (Tenn. Crim. App. 1993). In fact, we have consistently held just the opposite. See, e.g., Lofton, 898 S.W.2d at 249-50; Ray, 880 S.W.2d at 707. Without some indication that any ambiguous judicial interpretations of the terms premeditation and deliberation were so serious as to implicate constitutional concerns, we do not conclude that an individual convicted of first degree murder pre-Brown is laboring under a void conviction.

Thus, the indictment adequately charged the defendant with two counts of first degree murder, the first degree murder statute was not unconstitutionally vague, and any ambiguities in the caselaw regarding the definitions of the elements of premeditation and deliberation have not been shown to be so serious as to render the notice deficient. As a result, we cannot conclude that Carter received inadequate notice of the offenses with which he was charged and ultimately convicted. He is not entitled to the writ of *habeas corpus.*

For these reasons, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE