IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 13, 2000

# WILLIAM HENDERSON v. DONAL CAMPBELL

**Appeal from the Chancery Court for Davidson County**
**No. 99-532-II      Carol L. McCoy, Chancellor**

---

**No. M2000-00411-COA-R3-CV - Filed April 23, 2001**

---

This is an appeal by a prison inmate from a dismissal of his suit for declaratory judgment in the Chancery Court of Davidson County. The trial court dismissed the claim pursuant to Tennessee Code Annotated section 41-21-804 for failure to state a claim on which relief could be granted. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

William Lee Henderson, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Abigail Turner, Assistant Attorney General, for the appellee, Donal Campbell.

## MEMORANDUM OPINION[1]

William Henderson is an inmate in the Tennessee Penitentiary. He was sentenced to 99 years in the penitentiary in 1948 and was paroled in 1974. On June 16, 1978, he committed two acts of robbery, of kidnapping and of criminal sexual conduct in the first degree for which he was convicted on April 4, 1979. *See State v. Willie Lee Henderson*, 640 S.W.2d 56 (Tenn. Ct. Cr. App. 1982). His

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1979 sentences were figured consecutively for the purpose of release eligibility, and it is this calculation about which he complains in his suit for declaratory judgment. Because this question involving the prospective application of *Howell v. State*, 569 S.W.2d 428 (Tenn. 1978) has been decided adversely to the position of the petitioner in *Allen v. Bradley*, 905 S.W.2d 192 (Tenn. Ct. App. 1995), and the trial court so held, we adopt the order of the trial court, in part, as follows:

> However, the Court has reviewed Petitioner's petition and, pursuant to T.C.A. § 41-21-804, dismisses the petition for failure to state a claim. As stated in the petition, Petitioner received a 99 year sentence on a 1948 conviction, was paroled in 1974, and committed three felonies on June 16, 1978. Petitioner received 2 life sentences and a 15 year sentence on these June 16, 1978 offenses. He asserts that he is entitled to a 30 year parole date on the two life sentences pursuant to the provisions of T.C.A. § 40-3612 (now repealed) and cites Howell v. State, 569 S.W.2d 428 (Tenn. 1978) in support of his claim. Petitioner is mistaken.

> The Court in Howell was presented with the issue of whether or not two consecutive life sentences resulted in a 30 year parole eligibility date or a 60 year parole eligibility date. The State and the defendant asserted that no matter how many consecutive life sentences a defendant had received, he would be eligible for parole after 30 years pursuant to T.C.A. § 40-3612. This was apparently the prevailing interpretation of § 3612. The Tennessee Supreme Court did not agree, stating that § 3612 requires that a defendant serve the full 30 years on each life sentence before being eligible for parole.

> The Court in Howell, aware of the fact that most judges, lawyers and TDOC had interpreted § 3612 to mean that prisoners with consecutive life sentences were eligible for parole after 30 years, held that its decision was prospective and would not effect those cases wherein parole eligibility dates of 30 years had already been established (regardless of the number of life sentences), or to cases already final in the trial court. Howell v. State, *supra*, 569 S.W.2d at 435. Howell was decided on July 31, 1978.

> In order for Petitioner to avail himself of the Howell holding allowing a 30 year parole eligibility date on his two consecutive life sentences, he would have had to allege his parole eligibility date had already been set as of July 31, 1978, or his convictions on the June 16, 1978 offenses were final as of July 31, 1978, the date of the Howell holding. Petitioner has not alleged this in the petition and therefore he [h]as failed to state a claim.

Aside from his failure to allege that his convictions for the June 1978 offenses were not final as of July 31, 1978, it is evident that such allegations could not be made since his conviction for those offenses did not occur until April 4, 1979, well after the prospective decision of *Howell* on July 31, 1978. *State v. Henderson*, 640 S.W.2d 56, 57 (Tenn. Ct. Cr. App. 1982).

The judgment of the trial court is in all respects affirmed and costs are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE