IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2001

## MICHAEL D. WELLS v. STATE OF TENNESSEE

**Appeal as of Right from the Criminal Court for Davidson County
No. 99-A-447     Seth Norman, Judge**

_____

**No. M2000-02987-CCA-R3-PC - Filed March 8, 2002**

_____

The petitioner pled guilty in the Davidson County Criminal Court to aggravated robbery and received a ten year sentence of incarceration in the Tennessee Department of Correction. Subsequently, the petitioner filed for post-conviction relief alleging that he received ineffective assistance of counsel and that his guilty plea was neither knowing nor voluntary. The post-conviction court dismissed the petition, and the petitioner now appeals. Upon a review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Rayburn McGowan, Jr., Nashville, Tennessee, for appellant, Michael D. Wells.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Shelli Neal, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

On July 1, 1999, the petitioner pled guilty to one count of aggravated robbery.[1] At the guilty plea hearing, the State summarized the facts of the offense as follows:

[T]he proof would be that on September the 8th, 1998[,] Mr. [Michael] Wells, Mr. [Corey] Swanson, and Mr. [Charley] Bailey went to the Preakness Apartment, here in Davidson County with the

_____

[1] The petitioner was originally charged with especially aggravated kidnapping.

intention to rob some occupants of drugs and money that they thought
would be in the apartment.

Mr. Wells and Mr. Swanson were armed with handguns. They took
one of the occupants at gunpoint back into the apartment. One of the
other occupants of the apartment fired shots at Mr. Wells and Mr.
Swanson, and they left the area.

The petitioner acknowledged that the facts as outlined by the State are "basically true and correct."
Pursuant to the plea agreement, the petitioner was sentenced to ten years incarceration as a standard
Range I offender.

On February 23, 2000, the petitioner timely filed for post-conviction relief, alleging
that his counsel was ineffective and that he did not voluntarily or knowingly enter his guilty plea.
A post-conviction hearing was held, at which hearing both the petitioner and his plea counsel
testified. The post-conviction court denied the petition, finding that the petitioner had not met his
burden with regard to either of his claims. The petitioner now appeals this ruling.

## II. Analysis

The petitioner must prove all factual allegations contained in his post-conviction
petition by clear and convincing evidence.[2] Tenn. Code Ann. § 40-30-210(f) (1997); see also Hicks
v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (defining clear and convincing evidence).
Generally, the post-conviction court must determine the credibility of witnesses as well as the weight
and value to be accorded their testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App.
1990). Accordingly, this court will confer the weight of a jury verdict upon the post-conviction
court's factual findings made subsequent to observing witnesses testify and considering conflicting
testimony at a hearing. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971). Moreover,
specifically concerning claims of ineffective assistance of counsel,

a [post-conviction] court's *findings of fact* . . . are reviewed on appeal
under a *de novo* standard, accompanied with a presumption that those
findings are correct unless the preponderance of the evidence is
otherwise. However, a [post-conviction] court's *conclusions of law*--
such as whether counsel's performance was deficient or whether that
deficiency was prejudicial--are reviewed under a purely *de novo*
standard, with no presumption of correctness given to the [post-
conviction] court's conclusions.

Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001) (citations omitted).

---

[2] We note that, in the petitioner's brief, the petitioner alleges that he must "prove his allegations by a
preponderance of the evidence." However, it is well-established that, for a post-conviction petition filed after May 10,
1995, a petitioner must prove his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f);
McConnell v. State, 12 S.W.3d 795, 797 n.2 (Tenn. 2000).

This court has observed that "[t]he Sixth Amendment of the United States Constitution and Article 1, § 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel." Lofton v. State, 898 S.W.2d 246, 248 (Tenn. Crim. App. 1994). In determining counsel's effectiveness, "this Court applies the standards set forth in Strickland v. Washington, [466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)]. Petitioner must show that counsel's performance was deficient and that petitioner was prejudiced by this deficiency." Porterfield v. State, 897 S.W.2d 672, 678 (Tenn. 1995). Moreover,

> the petitioner is not entitled to relief on post-conviction unless he demonstrates that there is a reasonable probability that but for counsel's deficient performance the result of his trial would have been different. Where, as in this case, the petitioner pleaded guilty, he is not entitled to relief on post-conviction unless he demonstrates "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Shazel v. State, 966 S.W.2d 414, 416 (Tenn. 1998) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370-71 (1985)) (citations omitted). However, this court "need not address these components in any particular order or even address both if the petitioner fails to meet his burden with respect to one." Wilcoxson v. State, 22 S.W.3d 289, 303 (Tenn. Crim. App. 1999).

The petitioner claims that he was denied the effective assistance of counsel because counsel failed to investigate his case, failed to file for discovery, and failed to interview the victims or, in the alternative, listen to the victims' testimony at the preliminary hearing.[3] The petitioner testified at the post-conviction hearing that "I told [counsel] to get the witness – I mean, the victims, to tell him who I was supposed to have kidnapped, because they came to the preliminary hearing and explained that none of this happened. . . . [Counsel] did not go by the defense that I wanted him to put up for me. I explained to him that all he had to do was talk to the victims. And they told me no robbery had occurred." The petitioner summarized his complaint against counsel by stating that "[m]y complaint is the fact that I feel he could have gotten me a better deal if he would have done what I told him to do. That's my complaint. He never done that. He never spoke to no victims, the victims who came to my preliminary hearing and told these people what happened." The petitioner essentially argues that the victims would have testified that nothing was taken, and therefore he would not have been convicted of the charged offense. On cross-examination at the post-conviction hearing, the petitioner conceded:

> State: Now you explained to [counsel] that you all did indeed go over there to rob the victims?
> Petitioner: Yes. I did.
> State: And you and your charge partners went over there and you were armed with guns, loaded guns, were you not?

---

[3] We note that the record reveals that trial counsel did not begin representation of the petitioner until after the preliminary hearing.

Petitioner: Yeah.
State: And you busted into the victim's door?
Petitioner: No.
State: You got into the victim's residence.
Petitioner: Yeah. Opened the door–they opened the door.
State: And you all went in without permission?
Petitioner: Yeah.
State: Okay. And just because they happened to be armed, that's the only thing that prevented you and your charge partners from robbing them right?
Petitioner: Yeah.

At the post-conviction hearing, counsel admitted that he did not interview the victims in the petitioner's case or review their testimony at the preliminary hearing. Counsel testified that, during his investigation, he met with the petitioner to obtain the basic information regarding the offense, thoroughly reviewed the State's case file, went to the crime scene, interviewed individuals near the scene of the crime, and spoke with the counsel for Bailey, one of the petitioner's co-defendants. Although Bailey's counsel would not allow petitioner's counsel to speak with Bailey, he related to petitioner's counsel that "the plan was to enter into the house, or the apartment, at gunpoint; hold the individuals at gunpoint in the house to prevent them from leaving the house; and, secure whatever drugs or contraband that was in that house or that apartment and take it out themselves." Additionally, Bailey's counsel warned petitioner's counsel that, if the victims refused or were unable to testify against the petitioner, Bailey planned on testifying against the petitioner at trial.

The post-conviction court found,
[r]egarding that portion of the petition that deals with counsel speaking to the victim and getting a better deal for the petitioner, there is no proof before this Court from which this Court could conclude that the victim would, in any way, agree with a lesser sentence or that the victim would ask the state to give the petitioner a better deal. This witness was not produced by the petitioner.

We agree with the post-conviction court. We acknowledge that "[d]efense counsel should, of course, make every effort to interview witnesses, particularly the victims of the offense." Roger Morris Bell v. State, No. 03C01-9210-CR-00364, 1995 Tenn. Crim. App. LEXIS 221, at *49 (Knoxville, March 15, 1995). However, there is no indication in the record, except for the testimony of the petitioner, that further investigation of the case, including interviewing the victims, would have revealed any information that, in turn, would have led the petitioner to go to trial instead of pleading guilty. See Wade v. State, 914 S.W.2d 97, 102 (Tenn. Crim. App. 1995). As we earlier noted, the petitioner did not call the victims to testify at his post-conviction hearing regarding what their testimony at trial would have been, nor did the petitioner present a transcript of the victims' testimony at the preliminary hearing. This court has observed that

> [w]hen a claim of ineffectiveness depends on what witness X or Y would have testified to, then it is incumbent upon the petitioner to have those witnesses testify at the post-conviction hearing when possible. Otherwise, [we] are left with only the bare allegations of the petitioner or a second-hand account or best guess as to what the witnesses would or would not have said. Such is insufficient proof to carry the petitioner's burden of showing ineffectiveness of counsel.

Nassel Brown v. State, No. W1999-01558-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 839, at **9-10 (Jackson, October 24, 2000) (citation omitted); see also Black, 794 S.W.2d at 757-758. This issue is without merit.

Additionally, the petitioner claims that he did not voluntarily and knowingly enter his guilty plea because

> [counsel's] failure to investigate the case resulted in his [a]ttorney['s] limited comprehension of the facts of this case and the applicable law in this matter. [Petitioner] argues that there can be no knowingly made plea when his counsel failed to make himself fully aware of the facts of the case. Thus, the [petitioner] argues that he was denied an opportunity to make a fully knowing and intelligent choice in considering the alternatives offered in this action.

The record reflects that the petitioner repeatedly assured the trial court at his guilty plea hearing that he was well aware of the rights he was forfeiting by pleading guilty, he was satisfied with the representation of counsel, and he was freely and voluntarily pleading guilty. See Wallen v. State, 863 S.W.2d 34, 38 (Tenn. 1993); Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). Additionally, counsel testified at the post-conviction hearing that he very carefully reviewed each section of the plea agreement with the petitioner, and he explained the reasons for his actions. The petitioner's basic complaint is that he believes he could have obtained a better deal from the State if his counsel had interviewed the victims, not that he would have insisted on going to trial. Furthermore, there is no proof in the record to indicate that the petitioner would not have pled guilty if counsel had interviewed the victims. See Donald Robert Smith, Jr. v. State, No. 02C01-9111-CR-00244, 1992 Tenn. Crim. App. LEXIS 901, at **6-7 (Jackson, December 9, 1992). Moreover, the petitioner does not allege how counsel misunderstood the facts. Only the petitioner's testimony recounts what he believes the victims would have revealed at trial. See Black, 794 S.W.2d at 757-758. We note that, regardless of counsel's failure to interview the victims, both the petitioner and counsel possessed the facts underlying the offense. Notably, the purported testimony of the victims mirrors the facts as alleged by the petitioner and Bailey. Accordingly, we conclude that the petitioner knowingly and voluntarily entered his guilty plea and has failed to meet his burden of proving otherwise. This issue is likewise without merit.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE