**Eric M. LOFTON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 26, 1994.

Certiorari Denied Feb. 27, 1995.

A.C. Wharton, Jr., Public Defender, Walker Gwinn, Diane Thackery, Asst. Public Defenders, Memphis, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Rebecca L. Gundt, Asst. Atty. Gen., Nashville, John W. Pierotti, Dist. Atty. Gen., Reginald Henderson, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

PEAY, Judge.

The petitioner, an inmate with the Department of Correction, was convicted of first degree murder on October 5, 1989, and sentenced to life in prison. This Court affirmed the trial court's judgment on January 23, 1991.[1] Permission to appeal to the Tennessee Supreme Court was denied. The petitioner filed this *pro se* petition for post-conviction relief on May 20, 1992, with the Shelby County Criminal Court. Counsel was appointed and an amended petition was filed. After an evidentiary hearing on September 22, 1993, the trial court denied petitioner his requested relief.

In this appeal as of right, the petitioner presents two (2) issues for review. First, the petitioner asserts that he is entitled to have his first-degree murder conviction vacated due to ineffective assistance of trial counsel.

---

1. *State v. Lofton,* No. 135, Shelby County (Tenn. Crim.App. filed January 23, 1991, at Jackson).

Second, the petitioner argues that his fundamental right to a trial by jury was denied by the trial court's jury instruction on the distinguishing elements of first-degree murder. After consideration of the record in this cause, we find the petitioner's complaints to be without merit and affirm the trial court's action.

In his first issue, the petitioner alleges that counsel was ineffective in failing to seek or request any psychological evaluation of the petitioner prior to trial, and for failing to advise the petitioner of the elements of the charge, potential defenses and trial risk. Petitioner further alleges ineffective assistance of counsel because of counsel's failure to investigate an unindicted co-conspirator after petitioner told counsel that this co-conspirator was the one who actually committed the crime. The petitioner contends this error was made more grievous by the fact that the identity of the co-conspirator was known to counsel and because counsel did not cross-examine the co-conspirator at trial. The petitioner further charges that his counsel was ineffective in that he failed to file a motion for a change of venue when the case was publicized prior to and during the trial. For all of these reasons, the petitioner asserts he was denied a fair trial, and that such failure was the proximate basis for his conviction.

The Sixth Amendment of the United States Constitution and Article 1, § 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn.1975). When a defendant claims ineffective assistance of counsel, the standard applied by the courts of Tennessee is "[w]hether the advice given or the service rendered by the attorney [is] within the range of competence demanded by attorneys in criminal cases." *Summerlin v. State,* 607 S.W.2d 495, 496 (Tenn.Crim.App.1980).

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court defined the Sixth Amendment right to effective assistance of counsel. To establish ineffectiveness, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing profes-

sional norms; this requires the petitioner to demonstrate that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Constitution. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. A petitioner must also demonstrate that counsel's performance prejudiced the petitioner in that the errors were so serious as to deprive him/her of a fair trial and so fundamental as to call into question the reliability of the outcome. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

Both the petitioner and his trial counsel, Forest Durand, testified at the evidentiary hearing on this petition. Based on a review of the record in this case, this Court finds no reason to conclude that the petitioner received ineffective assistance of counsel.

■ The petitioner alleges ineffective assistance of counsel because Mr. Durand did not request a psychological evaluation of the petitioner. Petitioner felt that he should have been examined due to his youth at the time of the commission of the murder. Mr. Durand testified that he had not requested a psychological examination because the petitioner was able to communicate with him and assist in the preparation for trial. Moreover, the record reflects that the petitioner was examined and found not to be committable by a psychologist prior to being transferred from Juvenile Court.

■ The petitioner further charges ineffective assistance because counsel failed to explain the elements of the crime to him and because counsel deprived him of his right to accept a guilty plea offer of thirty-five (35) years in prison. The record reflects that trial counsel not only discussed the case with the petitioner, but with his mother and his co-defendants on several occasions prior to the trial. Furthermore, Mr. Durand testified that he had informed the petitioner of the guilty plea offer, but that he had taken no position as to whether or not the petitioner should accept it. When reviewing counsel's conduct, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate

the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *see Hellard v. State,* 629 S.W.2d 4, 9 (Tenn.1982). Simply because the petitioner gambled and lost at trial is no reason to find that Mr. Durand's lack of instruction as to whether or not to accept the plea rises to the level of ineffective assistance as set forth in *Strickland* and in *Baxter.*

■ The petitioner also alleges ineffective assistance because counsel did not investigate and cross-examine an unindicted co-conspirator; however, the record reflects that trial counsel employed an investigator to inquire into the statements made by the defendant that this unindicted co-conspirator was the one who actually committed the murder. The record also reflects that counsel cross-examined this witness at the juvenile transfer hearing and made a tactical decision at trial, after conferring with the counsel of the co-defendants, not to cross-examine this witness for fear that his testimony would attribute a motive for the murder to the defendant. As our Supreme Court held in *Hellard,* the reviewing court defers to counsel's trial strategy or tactical choices if they are informed and based upon adequate preparation. *Hellard,* 629 S.W.2d at 9. *See also State v. Anderson,* 835 S.W.2d 600, 607–08 (Tenn.Crim.App.1992); *Vermilye v. State,* 754 S.W.2d 82, 85 (Tenn.Crim.App.1987). Based on the testimony of the petitioner and trial counsel, we find that this allegation is without factual support as well.

■ The logic of *Hellard* also applies to the petitioner's challenge that his counsel was ineffective for failure to request a change in venue due to pretrial publicity. The record reflects that the pretrial publicity was not that great. The petitioner testified that there had been one or two articles about the murder in the paper; however, there was no media hype surrounding this trial nor was there any proof indicating that pretrial publicity caused a problem in the selection of the jury. Thus, trial counsel's tactical choices will not be questioned absent a showing of prejudice.

In all of his challenges to the effective assistance of his counsel, the petitioner has failed to meet his burden of demonstrating that his counsel's performance fell below an objective standard of reasonableness and that his counsel's performance was so grievous as to deprive him of a fair trial. For these reasons, we find that the petitioner's ineffective assistance of counsel claim is without merit.

■ In his second issue, the petitioner alleges that his right to a trial by jury was denied by the erroneous and misleading jury instruction on premeditation and deliberation. Specifically, the petitioner asserts that the questioned jury instruction provided that premeditation can be formed in an instant and is asking this Court to apply the decision in *State v. Brown,* 836 S.W.2d 530 (Tenn. 1992) retroactively. For the following reasons, we find that this issue is also without merit.

In *Brown,* our Supreme Court held that a jury instruction stating that premeditation and deliberation can be formed in an instance was improper. Whether the *Brown* decision created a new constitutional rule of law which should be applied retroactively to cases in which the proof is insufficient to sustain a first-degree murder conviction has been raised in several previous cases. This issue was considered and decided in *John Wayne Slate v. State,* No. 03C01–9201–CR–00014, Sevier County, 1994 WL 149170 (Tenn.Crim.App. filed April 27, 1994, at Knoxville). Slate asserted, much like the petitioner in the instant case, that his due process rights were violated by the jury instruction's definition of premeditation and deliberation. *Slate,* slip op. at 2.

In *Slate,* this Court held that "the mere fact that [the] instruction has been abandoned ... does not necessarily mean that its previous use equated with a due process violation" cognizable in a post-conviction proceeding. *Slate,* slip op. at 8. *See also, Stephen Michael Bell v. State,* No. 01C01–9304–CR–00130, Davidson County, 1994 WL 406168 (Tenn.Crim.App. filed August 4, 1994, at Nashville).

Furthermore, the Supreme Court never held in *Brown* that the instruction on premeditation violated a constitutional right. The Court only stated "that it is prudent to

abandon an instruction that tells the jury that 'premeditation may be formed in an instant.' Such an instruction can only result in confusion, given the fact that the jury must also be charged on the law of deliberation." *Brown*, 836 S.W.2d at 543. This Court, on numerous occasions, has consistently held "that the Supreme Court did not intend that *Brown* should be applied retrospectively to 'require invalidation of every first-degree murder case wherein the jury has been instructed ... that premeditation may be formed in an instant.'" *State v. Willie Bacon, Jr.*, No. 1164, slip op. at 11, Hamilton County, 1992 WL 183534 (Tenn. Crim.App. filed August 4, 1992, at Knoxville). *See also State v. Joe Nathan Person*, No. 02C01–9205–CC–00106, slip op. at 9, Madison County (Tenn.Crim.App. filed September 29, 1993, at Jackson); *State v. William Paul Roberson*, No. 01C01–9206–CC–00200, Putnam County, 1993 WL 48850 (Tenn.Crim. App. filed February 25, 1993, at Nashville).

Therefore, according to the precedent set by this Court and the fact that the judgment in the petitioner's case was final on January 23, 1991, at least one year before *Brown* was decided, we find that *Brown* is inapplicable to this case.

Having found the petitioner's issues to be without merit, we affirm the judgment of the trial court, denying the petitioner's requested post conviction relief.

JONES and TIPTON, JJ., concur.