IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY SESSION, l995

FILED

October 30, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

TIMOTHY WAYNE PETERS    )
                        )
        APPELLANT )          NO. 03C0l-9409-CR-0033l
                        )
                        )     SULLIVAN COUNTY
                        )
V.                      )     HON. EDGAR P. CALHOUN, JUDGE
                        )
                        )     ({Post-Conviction Relief Petition)
                        )
STATE OF TENNESSEE      )
                        )
        APPELLEE  )


FOR THE APPELLANT:                FOR THE APPELLEE:

Paul R. Wohlford                  Charles W. Burson
Attorney at Law                   Attorney General
(At trial only)
40l Edgemont Ave.                 Cyril V. Fraser
Bristol, TN 37620                 Assistant Attorney General
                                  450 James Robertson Parkway
Dale Barnes                       Nashville, TN 37243-0493
Attorney at Law
(At trial only)                   H. Greeley Wells, Jr.
                                  District Attorney General


Gale K. Flanary                   Jerry Beck
Assistant Public Defender         Phyllis Fitzwilson Miller
(On appeal only)                  Asst. Dist. Attorneys General
P.O. Box 839                      P.O. Box 526
Blountville, TN 376l7

                                  Blountville, TN 376l7




AFFIRMED




OPINION FILED:_____




JERRY SCOTT, PRESIDING JUDGE




**O P I N I O N**

The appellant, Timothy Wayne Peters, appeals from the Sullivan County Criminal Court's summary dismissal of his petition for post-conviction relief. The trial court dismissed the petition on the merits, finding that the petition failed to specifically set forth any valid grounds establishing a constitutional deprivation. On appeal, the appellant contends (a) that the petition was timely filed and (b) that the trial court's denial of relief was error. Since this Court finds the petition was properly dismissed, the judgment of the trial court is affirmed.

The appellant was convicted of first degree murder on October 1, 1986. He filed a pro se post-conviction petition on October 28, 1988. The petition was dismissed by the trial court, and the dismissal was affirmed on appeal. On October 21, 1991, the appellant filed a second petition for post-conviction relief. The trial court dismissed the petition on the grounds that the petition was barred by the statute of limitations. The petition here under consideration was filed on December 23, 1992. On January 27, 1993, the appellant filed a motion requesting that the statute of limitations be set aside.[1] Following the dismissal of the petition by the trial court on July 29, 1994, the appellant filed this appeal.

Pursuant to the Post-Conviction Procedure Act, relief could then be granted to a petitioner on the following grounds:

> Relief . . . shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either constitution requires retrospective application of that right.

Tenn. Code Ann. § 40-30-105 [repealed]. In this regard, the appellant contends State v. Brown, 836 S.W.2d 530, 543 (Tenn. 1992) created a new constitutional rule concerning the elements of premeditation and deliberation in first degree

---

[1] There is no evidence in the record that the trial court ever ruled on this motion. However, because of our belief that this issue is dispositive of the case, we consider the trial court's inaction to be plain error and address the issue *sua sponte*.

murder cases. He further asserts that Meadows v. State, 849 S.W.2d 748, 755 (Tenn. 1993) requires retroactive application of Brown. We disagree.

At the time this petition was filed, the law provided that a petition for post-conviction relief must be filed "within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred."[2] Tenn. Code Ann. § 40-30-102 [repealed]. In the present case, the appellant's petition was filed well beyond the three year statutory period and, thus, is subject to dismissal. See Harden v. State, 873 S.W.2d 2, 3 (Tenn. Crim. App. 1993). In addressing this statutory preclusion, the appellant attempts to except his case from the statute of limitations by arguing that the statutory period did not commence until Brown was decided in 1992.

In Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), our Supreme Court held that "it is possible that under the circumstances of a particular case, application of the statute may not afford a reasonable opportunity to have the claimed issue heard and decided." To avoid running afoul of such due process concerns, two exceptions to the application of the three-year statute of limitations have been promulgated. The first exception involves cases like Burford, 845 S.W.2d at 210, where a procedural trap deprives the criminal defendant of a reasonable opportunity to present his claim. The second exception applies where a new constitutional rule is created which requires retrospective application. Tenn. Code Ann. § 40-30-105 [repealed].

---

[2]The time for filing is now one year from the date of the final action of the highest state appellate court to which an appeal is taken or, in the event of no appeal, the date the judgment became final. Tenn. Code Ann. § 40-30-202(a).

3

The present case does not rest within either exception. In Burford, the petitioner was caught in a procedural trap because his post-conviction claim in one county did not arise until several prior convictions were set aside in a separate post-conviction action in another county. Id. at 205-06. The record does not support that the appellant has suffered any such procedural vexation in this case. In regard to the second exception, this Court has consistently held that the Supreme Court did not intend that Brown be applied retrospectively. E.g., Lofton v. State, 898 S.W.2d 246, 250 (Tenn. Crim. App. 1994); State v. Sills, No. 03C01-9410-CR-00370, 1995 WL 271726, at *4 (Tenn. Crim. App. May 10, 1995); Frantzreb v. State, No. 01C01-9308-CR-00247, 1994 WL 456374, at *1 (Tenn. Crim. App. Aug. 23, 1994); Walker v. State, No. 01C01-9402-CR-00055, 1994 WL 390473, at *2 Tenn. Crim. App. July 28, 1994). Moreover, on several occasions this Court has noted that nothing in Brown suggests that the Supreme Court's modification of the jury instruction in first degree murder cases created a new constitutional rule. E.g., Lofton, 898 S.W.2d at 249; Miller v. State, No. 03C01-9409-CR-00336, 1995 WL 395842, at *3 (Tenn. Crim. App. July 6, 1995); Fuller v. State, No. 03C01-9407-CR-00249, 1995 WL 382684, *3 (Tenn. Crim. App. June 27, 1995); State v. Hayes, No. 03C01-9310-CR-00347, 1994 WL 440832, at *1 (Tenn. Crim. App. Aug. 17, 1994).

Based on the foregoing facts and legal precedents, it is manifest that the appellant's petition for post-conviction relief was filed beyond the period permitted by the statute of limitations, and that no exception to the limitations period applies. Accordingly, without reaching the merits of the petition, we affirm the trial court's dismissal of the petition.

_____
JERRY SCOTT, PRESIDING JUDGE

CONCUR:


_____
JOE B. JONES, JUDGE


_____
WALTER C. KURTZ, SPECIAL JUDGE