## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
## JUNE SESSION, 1996

**FILED**

**December 5, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **THOMAS HEBRON**, | ) | |
| | ) | No. 01CO1-9510-CC-00349 |
| Appellant | ) | |
| | ) | HICKMAN COUNTY |
| vs. | ) | |
| | ) | Hon. Cornelia A. Clark, Judge |
| **STATE OF TENNESSEE**, | ) | |
| | ) | (Post-Conviction) |
| Appellee | ) | |

For the Appellant:

Greg W. Eichelman
District Public Defender

Larry D. Drolsum
Asst. Public Defender
P. O. Box 68
Franklin, TN  37065

For the Appellee:

Charles W. Burson
Attorney General and Reporter

Cyril V. Fraser
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Joseph D. Baugh, Jr.
District Attorney General

Ronald Davis
Asst. District Attorney General
P. O. Box 937
Franklin, Tn  37065

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Thomas Hebron, appeals the dismissal by the trial court of his "Petition for Habeas Corpus/Petition for Post-Conviction Relief." The appellant is currently serving a sentence of life imprisonment pursuant to a conviction on August 24, 1984, for first degree murder. On November 21, 1985, this court affirmed his conviction. State v. Hebron, No, 84-231-III (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1986). In 1987, the appellant unsuccessfully sought federal habeas corpus relief. Subsequently, on March 6, 1989, he filed his first petition for post-conviction relief, alleging ineffective assistance of counsel. Following appointment of counsel and an evidentiary hearing, the trial court dismissed the petition. Finally, on February 22, 1994, the appellant filed the instant *pro se* petition, alleging an erroneous jury instruction on premeditation and deliberation, in violation of the supreme court's opinion in State v. Brown, 836 S.W.2d 530 (Tenn. 1992). On March 15, 1994, the trial court appointed counsel to represent the appellant and, on May 18, 1995, conducted a hearing. At the hearing, the trial court treated the petition as one seeking post-conviction relief. Tenn. Code Ann. § 40-30-108 (1990). The trial court then concluded that the petition was barred by the applicable statute of limitations, Tenn. Code Ann. § 40-30-102 (1990), and, moreover, failed to state a ground for relief of constitutional magnitude, Tenn. Code Ann. § 40-30-105 (1990).

We agree. The appellant's petition, properly treated as a petition for post-conviction relief,[1] is barred by the statute of limitations. Additionally, the supreme court's holding in Brown does not implicate a constitutional right. Accordingly,

---

[1]The appellant does not challenge in his brief the trial court's refusal to entertain the appellant's "Petition for Habeas Corpus ... Relief." In any event, we agree with the State that the appellant's petition does not allege either a void judgment or an illegal confinement. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

this court has repeatedly held that Brown may not be used as a basis for relief within the post-conviction context. See Lofton v. State, 898 S.W.2d 246, 249-250 (Tenn. Crim. App. 1994), perm. to appeal denied, (Tenn. 1995); State v. Harris, No. 03C01-9311-CR-00381 (Tenn. Crim. App. at Knoxville, February 28, 1996); Tune v. State, No. 01C01-9412-CC-00423 (Tenn. Crim. App. at Nashville, October 31, 1995), perm. to appeal denied, (Tenn. 1996); Peters v. State, No. 03C01-9409-CR-00331 (Tenn. Crim. App. at Knoxville, October 30, 1995), perm. to appeal denied, (Tenn. 1996); State v. Slate, No. 03C01-9201-CR-00014 (Tenn. Crim. App. at Knoxville), perm. to appeal denied, concurring in results only, (Tenn. 1994). Moreover, this court has previously held that Brown is not to be applied retroactively. Lofton, 898 S.W.2d at 249-250; Harris, No. 03C01-9311-CR-00381; Tune, No. 01C01-9412-CC-00423; Peters, No. 03C01-9409-CR-00331.

The trial court properly dismissed the appellant's petition. See Tenn. Code Ann. § 40-30-109(a)(1) (1990)("[w]hen the petition has been competently drafted and all pleadings, files and records of the case which are before the court conclusively show that the [appellant] is entitled to no relief, the court may order the petition dismissed"). We affirm the judgment of the trial court.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
WILLIAM M. BARKER, Judge