IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 22, 2003

## DONALD MITCHELL GREEN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 70417     Mary Beth Leibowitz, Judge**

_____

**No. E2002-02517-CCA-R3-PC**
**September 11, 2003**
_____

The petitioner, Donald Mitchell Green, pled guilty in the Knox County Criminal Court to aggravated robbery, failure to appear, and theft. Subsequently, the petitioner filed for post-conviction relief, alleging that he received the ineffective assistance of counsel. After a hearing, the post-conviction court denied the petition and the petitioner appealed. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

William C. Talman, Knoxville, Tennessee, for the appellant, Donald Mitchell Green.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Leland Price, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On April 28, 1998, the petitioner pled guilty to aggravated robbery. The plea agreement provided that the petitioner would be sentenced as a Range III persistent offender on the aggravated robbery conviction, with a possible sentence range of between twenty to thirty years. The petitioner also pled guilty to failure to appear, with a sentencing recommendation of six years incarceration as a career offender, and to theft of less than $500, with a sentencing recommendation of eleven months and twenty-nine days. At the guilty plea hearing, the trial court thoroughly explained the provisions of the plea agreement, specifically noting that sentencing was totally at the discretion of the trial court. Additionally, the trial court inquired if the petitioner was satisfied with the representation of

counsel and the petitioner responded that he was. The trial court explained that the aggravated robbery conviction carried a possible sentence of twenty to thirty years incarceration in the Tennessee Department of Correction. The petitioner nevertheless asserted that he wanted to plead guilty.

The State provided the following factual basis for the appellant's aggravated robbery conviction:[1]

> [A]round midnight of the morning of March 30th, 1997, Ms. Deana May was doing her laundry at the laundromat on 17th Street. The defendant, Donald Mitchell Green, entered the laundry, approached Ms. May, pulled a knife on her, which he held to her stomach, and demanded her money. Ms. May gave him all of her quarters, which was about 29 quarters and two dollar bills. Mr. Green then left the laundromat. Ms. May saw him get into a gold Escort, and she saw the Escort drive away. Shortly thereafter she saw a U.T. police car, which was driven by Officer Cynthia Chandler. She flagged down the police car and sent it after the gold Escort. Officer Chandler pulled over the Escort in which Mr. Green was a passenger. He attempted to flee the car but she stopped him, arrested both him and the driver of that car. Ms. May was then brought to the scene where she positively identified the [petitioner], Mr. Green, as the person who pulled the knife on her and took her money.

The trial court accepted the pleas and proceeded to sentence the appellant to thirty years incarceration for the aggravated robbery conviction, six years for the failure to appear conviction, and eleven months and twenty-nine days for the theft conviction. The trial court ordered that the sentence for the theft conviction be served concurrently with the sentence for the aggravated robbery conviction, but ordered that the sentence for failure to appear be served consecutively, for a total effective sentence of thirty-six years incarceration.

The petitioner requested that his trial counsel, Darryl Humphrey, appeal his sentence for aggravated robbery; however, counsel failed to do so. Regardless, the petitioner was granted a delayed appeal. On appeal, this court affirmed the petitioner's sentence for aggravated robbery pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. See State v. Donald Mitchell Green, No. 03C01-9808-CR-00276, 1999 WL 446560, at *1 (Tenn. Crim. App. at Knoxville, June 3, 1999).

Subsequently, the petitioner, acting pro se, filed for post-conviction relief, alleging that he received the ineffective assistance of counsel. Initially, the post-conviction court dismissed the petition without conducting an evidentiary hearing. On appeal, this court concluded that the

---

[1] The petitioner's claims in this appeal relate solely to his aggravated robbery conviction.

petitioner had alleged colorable claims for relief and remanded to the post-conviction court for the appointment of counsel and an evidentiary hearing. See Donald Mitchell Green v. State, No. E2000-01941-CCA-R3-PC, 2001 WL 872791, at *3 (Tenn. Crim. App. at Knoxville, Aug. 2, 2001). Thereafter, the post-conviction court appointed counsel to assist the petitioner and granted the petitioner a hearing.

The petitioner was the first witness to testify at the post-conviction hearing. The petitioner acknowledged that his post-conviction petition alleged that counsel was ineffective in the following ways:

> 1. Failing to establish a defense or secure witnesses to testify for the petitioner;
> 2. Failing to file an appeal;
> 3. Failing to file a motion to withdraw his guilty plea; and
> 4. Misrepresenting the length of sentence the petitioner would receive upon pleading guilty to aggravated robbery.

Specifically, the petitioner alleged that counsel "didn't call no witnesses. . . . He didn't do an investigation on the case or nothing, question none of the witnesses." The petitioner contended that if counsel had properly represented him, he would have discovered witnesses; however, the only witness the petitioner mentioned was the victim of the aggravated robbery. The petitioner stated that he pled guilty despite counsel's lack of investigation because "I went by – by him being a lawyer and he knew what he was talking about and he told me to plead guilty."

Additionally, the petitioner complained that counsel did not appeal the sentence he received upon pleading guilty to aggravated robbery. The petitioner testified that he asked counsel to file a notice of appeal regarding his sentence and counsel said that he would. The petitioner also claimed that he sent counsel a letter by certified mail informing counsel that he wished to appeal the thirty year sentence that he received for his aggravated robbery conviction. The petitioner submitted both the letter and a receipt bearing the signature of counsel, indicating that counsel received the letter. However, the petitioner admitted that he was later granted a delayed appeal. Regardless, the petitioner argued, "Yeah, I got an appeal later on, but – but on down the line. Look how many rights was violated."

The petitioner's final two grievances concern the length of sentence the petitioner received upon conviction for aggravated robbery. The petitioner stated that he was willing to serve twenty years incarceration for the aggravated robbery charge, but did not want to serve a lengthier sentence. The petitioner claimed that counsel told him that "I promise you if you throw yourself on the mercy of the Court I'll get you twenty years." Based upon this promise, the petitioner pled guilty to aggravated robbery.

The petitioner conceded that he had previously filed a "Motion for Reduction of Sentence" in which he claimed that counsel had promised to obtain a sentence of twenty-five years

incarceration for the aggravated robbery conviction. However, the petitioner claimed that he had erred in alleging that counsel had promised a twenty-five year sentence, maintaining instead that counsel promised that the petitioner would receive a twenty year sentence for the aggravated robbery conviction.

The petitioner asserted that because he was unhappy with the sentence he received, he asked counsel to withdraw his guilty plea. Specifically, the petitioner alleged that on June 4, 1998, while in court, he told counsel that he wanted to withdraw his guilty plea because he had received a sentence of thirty years instead of a sentence of twenty years. Finally, the petitioner contended that if he had gone to trial instead of pleading guilty, "I feel that I would have probably got a lesser sentence than I – than I got."

The petitioner then called attorney Brandt Davis as an expert witness in the area of criminal defense. Davis asserted that in criminal cases, he begins work on the case by conducting an investigation, either on his own or by hiring an investigator. Davis maintained that he never promised a client that they would receive a particular sentence unless the sentence was stipulated as part of a plea agreement. Davis noted, "I understand it was a pretty serious case and a case that the defendant was looking at the likelihood of being convicted. Plus, I know the defendant in this case has a particularly bad record." Davis opined that under similar conditions, it could be "reasonable strategy" for an accused to enter a "blind plea" in the hope that the trial court would show leniency.

Finally, Darryl Humphrey, the petitioner's trial counsel, testified that the State had a "very strong case against" the petitioner. Specifically, counsel observed that there had never been any doubt that the petitioner was the perpetrator of the aggravated robbery. Counsel stated that he met with the petitioner on several occasions regarding the case and they discussed the case in detail. Moreover, counsel and the petitioner discussed the petitioner's extensive criminal history. Counsel explained to the petitioner that if he were convicted of aggravated robbery, he would be considered a Range III offender with a possible sentencing range of twenty to thirty years incarceration.

Counsel stated that the petitioner never offered any possible witnesses or any other evidence to rebut the State's proof. Regardless, counsel engaged the State in plea negotiations. Counsel repeatedly attempted to convince the State to agree to a sentence of twenty years, the sentence the petitioner desired. However, the lowest sentence the State offered was twenty-five years. Counsel remarked, " So I discussed it with [the petitioner] and I believed that entering a blind plea he would have a much better chance of receiving the lower range of the sentence as opposed to the higher range." Therefore, the strategy was to enter a "blind plea" and "throw ourselves at the mercy of the Court." Nevertheless, counsel vehemently maintained that he warned the petitioner that the possible sentencing range for the aggravated robbery conviction was twenty to thirty years and asserted that he "never guarantee[s] any defendant that they'll receive any specific number of years." Moreover, counsel averred that he reviewed the plea with the petitioner in detail prior to the entry of the plea. Counsel further noted that the plea form specified that the potential sentence for aggravated robbery was twenty to thirty years.

Counsel also stated that he did not call any witnesses during the sentencing hearing because the petitioner informed him that the petitioner's family lived out of state and it would not be feasible for them to come to Tennessee for the sentencing hearing. Furthermore, counsel averred that the only possible witnesses regarding the petitioner's case would have been the victim or the officer who arrested the petitioner. Counsel acknowledged that he did not interview any witnesses in connection with the case and only discussed the facts of the case with the petitioner. Counsel explained, "I didn't feel there was a need for an investigator . . . [b]ecause after discussing the case with [the petitioner], he didn't deny that he committed this crime."

Counsel maintained that he did not recall the petitioner ever asking to withdraw his guilty plea and could fathom no reason for the petitioner to do so other than the petitioner's dissatisfaction with the sentence he received. Nevertheless, counsel maintained that he would have made a motion to withdraw the petitioner's plea had the petitioner requested the withdrawal. Counsel also did not recall receiving a letter from the petitioner requesting that counsel file a notice of appeal.

At the conclusion of the hearing, the post-conviction court found:

> In [the petitioner's] case the only failure of counsel was a failure to file an appeal on the issue of length of sentence. The Court saw through that issue for [the petitioner] upon his notification to the Court. [The petitioner] had no right to withdraw his plea under the law, and suffers no prejudice as result of any failure of [counsel] to file an appeal. Therefore the petition for post-conviction relief is respectfully denied.

The petitioner timely appealed the post-conviction court's ruling.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Specifically, we note that a claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). This court will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct unless the evidence preponderates otherwise. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). We are not required to address these considerations in any particular order; therefore, if the petitioner has failed to establish one prong of the test of the ineffectiveness of counsel, we need not address the other prong in our analysis. See Harris v. State, 947 S.W.2d 156, 163 (Tenn. Crim. App. 1996).

In evaluating whether the petitioner has met his burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Additionally, we may not second-guess the tactical or strategic choices of counsel unless those choices are based upon inadequate preparation, nor may we measure counsel's behavior by "20-20 hindsight." See State v. Hellard, 629 S.W.2d 4, 9 (Tenn. 1982). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

As we earlier noted, the petitioner asserts that counsel was ineffective for failing to establish a defense or secure witnesses to testify for the petitioner, failing to file an appeal, failing to file a motion to withdraw his guilty plea, and misrepresenting the length of sentence he would receive upon pleading guilty to aggravated robbery. In considering the petitioner's first complaint, we observe that the petitioner did not testify regarding what defense could have been propounded by counsel. Furthermore, the petitioner did not suggest what evidence, if any, counsel could have discovered upon further investigation or by interviewing witnesses. In fact, the victim was the only witness that the petitioner alleged counsel did not interview. However, the petitioner did not produce the victim to testify at his post-conviction hearing. Generally, "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We may not speculate on what benefit this witness might have offered to the petitioner's case, nor may we guess as to what evidence further investigation may have uncovered. Id. Accordingly, the petitioner has failed to demonstrate prejudice in this regard.

The petitioner also complains that counsel failed to file a notice of appeal after his guilty plea. As the trial court noted, denying the petitioner first tier appellate review could be considered deficient performance. However, we also agree with the trial court's determination that the petitioner was not prejudiced by the inaction of counsel because the petitioner was ultimately granted a delayed appeal to this court, during which appeal this court affirmed the petitioner's sentences.

The petitioner also complains that counsel misrepresented the length of sentence he would receive upon pleading guilty and failed to file a motion to withdraw his guilty plea. At the post-conviction hearing, the petitioner testified that counsel promised him that if he "threw [himself] on the mercy of the Court," he would receive a sentence of twenty years incarceration for the aggravated

robbery offense. Contrastingly, counsel testified that he never promised the petitioner a certain sentence. Instead, counsel and the petitioner discussed the case and made a strategic decision to enter a "blind plea" in the hope that the trial court would give the petitioner a more lenient sentence than the twenty-five year sentence the State offered. In short, the petitioner gambled on a lesser sentence and lost. Cf. Lofton v. State, 898 S.W.2d 246, 249 (Tenn. Crim. App. 1994).

In finding that counsel was deficient only in failing to file a notice of appeal, the post-conviction court implicitly accredited the testimony of counsel. The evidence does not preponderate against this finding. Moreover, we note that at the guilty plea hearing the trial court carefully explained to the petitioner that he was entering a "blind plea" and that he could be sentenced to twenty to thirty years incarceration. Thus, we conclude that counsel did not misrepresent the length of sentence to the petitioner. Accordingly, the petitioner has failed to demonstrate either the deficiency of counsel or any prejudice he may have suffered.

The petitioner further complains that he asked counsel to withdraw his guilty plea, but counsel failed to do so. The post-conviction court noted that "[the petitioner] had no right to withdraw his plea under the law." We note that Rule 32(f) of the Tennessee Rules of Criminal Procedure provides that

> [a] motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

See also State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003).

In the instant case, the petitioner did not indicate a desire to withdraw his plea until after he was sentenced. Therefore, the petitioner was entitled to a withdrawal of his guilty plea only to correct "manifest injustice." This court recently explained that

> "manifest injustice" has been determined to exist when it is established that the plea was entered as the result of (1) "coercion, fraud, duress or mistake," (2) "fear," (3) a "gross misrepresentation made by the district attorney general, or an assistant," (4) the withholding of material or exculpatory evidence by the State, or (5) where the plea of guilty was "not voluntarily, understandingly, or knowingly entered."

State v. Clifford Douglas Peele, No. E2001-02825-CCA-RM-CD, 2002 WL 54691, at *2 (Tenn. Crim. App. at Knoxville, Jan. 16, 2002) (quoting State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995)), perm. to appeal denied, (Tenn. 2002). The proof adduced at the post-conviction hearing demonstrates that the petitioner was well aware that he could receive a sentence of between

twenty to thirty years upon entering the "blind plea." However, the petitioner testified at the post-conviction hearing that the only reason he wished to withdraw his plea was because he was displeased with the length of the sentence imposed. We do not consider this to be a "manifest injustice."

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.


_____
NORMA McGEE OGLE, JUDGE